JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

County in which action arose: _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BARBARA J. SWAAB

**(b)** County of Residence of First Listed Plaintiff: Oakland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Arnold S. Weintraub (P22127)   (248) 809-2005
The Weintraub Group, P.L.C.
24901 Northwestern Hwy., Suite 311, Southfield, Mi 48075

## DEFENDANTS
CALM.COM, INC.

County of Residence of First Listed Defendant: San Francisco
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ■ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 2201; 15 U.S.C. 1114; 15 U.S.C. 1125 (a)

Brief description of cause:
Trademark Infringement and Unfair Competition

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ■ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: May 16, 2019

SIGNATURE OF ATTORNEY OF RECORD: *Arnold S. Weintraub*

**FOR OFFICE USE ONLY**

RECEIPT #       AMOUNT       APPLYING IFP       JUDGE       MAG. JUDGE

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes:

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA J. SWAAB,

    Plaintiff,

Case No. _____

-vs-

CALM.COM, INC.,
a Delaware corporation,

    Defendant.

---

ARNOLD S. WEINTRAUB (P22127)
THE WEINTRAUB GROUP, P.L.C.
Attorneys for Plaintiff
24901 Northwestern Hwy., Suite 311
Southfield, MI 48075
(248) 809-2005
aweintraub@weintraubgroup.com

---

## DECLARATORY JUDGMENT ACTION FOR NON-ABANDONMENT, TRADEMARK INFRINGEMENT, TORTIOUS INTERFERENCE WITH BUSINESS AND UNFAIR TRADE PRACTICES AND REQUEST FOR INJUNCTIVE RELIEF

NOW COMES the Plaintiff, BARBARA J. SWAAB, by and through her Attorneys, THE WEINTRAUB GROUP, P.L.C. and ARNOLD S. WEINTRAUB, and for her Complaint against Defendant, CALM.COM, INC., states the following:

## NATURE OF THE ACTION

1.      This action arises under the laws of the United States and, in particular, 28 U.S.C. §2201, 15 U.S.C. §1114, 15 USC §1117 and 15 U.S.C. §1125(a) as well as the laws of the State of Michigan.

2.      Jurisdiction is proper in this district pursuant to 28 U.S.C. §1338.

3.      Venue is proper pursuant to 28 U.S.C. §1391 and 28 U.S.C. §1167(a).

## THE PARTIES

4.      The Plaintiff, BARBARA J. SWAAB is an Individual residing in the State of Michigan, County of Oakland, City of Orchard Lake.

5.      Plaintiff is owner of the incontestable U.S. Trademark Registration No. 2,553,590, Registered on March 26, 2002 for the standard character mark "Take a Deep Breath," which is valid and subsisting and which mark is currently in use in commerce (Exhibit A).

6.      The Defendant, CALM.COM, Inc., is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 140 2nd Street, Floor 3, San Francisco, California 94105.

7.      Defendant is a multi million-dollar on-line enterprise that is in the business of downloadable mobile applications including relaxation and meditation apps. (Exhibit B).

8.      Defendant conducts business in this State by offering its downloadable apps upgrades for a subscription price to upgrade its "free" apps (Exhibit C).

## FACTUAL BACKGROUND

9. Plaintiff hereby realleges Paragraphs 1 through 8 as if set forth in full herein.

10. In 2002, Plaintiff, who is a certified yoga instructor, began rendering relaxation and stress management instruction under the mark "Take a Deep Breath."

11. Since 2002, Plaintiff has continuously used her trademark "Take a Deep Breath" and has advertised and promoted the services recited in the Registration through various media, including printed flyers, as well as on her website, www.takeadeepbreathyoga.com. (Exhibit D).

12. Plaintiff teaches and has instructed and conducted relaxation and stress management yoga classes continuously since 2002 under her mark "Take a Deep Breath."

13. Beginning in 2016, Defendant began using the identical mark "Take a Deep Breath" in connection with advertising, promoting and selling "mobile apps" in the field of "relaxation."

14. On or about February 15, 2018, Defendant, having adopted the identical mark as Plaintiff, without authorization, more than fourteen (14) years after Plaintiff began using the mark, filed an "Intent to Use" trademark application. Defendant's ITU application seeks registration of the mark "Take a Deep Breath" in multiple classes which, in essence, encircle all uses of the mark, except for the

services in IC041 in which the services provided by Plaintiff are classified (Exhibit E).

15. Defendant, through its counsel, in late 2019, contacted Plaintiff's counsel, seeking to acquire the Plaintiff's "Take a Deep Breath" trademark on the basis of an alleged "abandonment."

16. Plaintiff's counsel advised Defendant's counsel at that time that the mark was in use and had not been abandoned.

17. When rebuffed, Defendant instituted a proceeding before the Trademark Trial and Appeal Board seeking to cancel Plaintiff's trademark Registration on the basis of abandonment, while knowing full well that the registered mark was in use and had not been abandoned (Exhibit F).

18. In its Petition to Cancel, Defendant forthrightly states that it needs Plaintiff's mark, "Take a Deep Breath" in order to "obtain exclusive control over this mark and seek registration in IC 041."

19. The filing of the Petition to Cancel has created an actual case and controversy pursuant to the provisions of 28 U.S.C. §2201.

## COUNT I
## PLAINTIFF HAS NOT ABANDONED HER MARK

20. Plaintiff hereby realleges Paragraphs 1 through 19 as if fully set forth herein.

21. Since at least 2002, Plaintiff, either directly or through her related company, TADB, Inc., has continuously used the "Take a Deep Breath" mark in connection with the services identified in the Registration. The mark has been

advertised and promoted and there has not been any period of non-use or abandonment for any three consecutive years and Plaintiff has never had any intent not to resume use.

22. Plaintiff presently maintains a website under the domain name, www.takeadeepbreathyoga.com which prominently displays the trademark "Take a Deep Breath" and which advertises the various types of yoga that she instructs (See Exhibit D).

23. Contrary to the Defendant's assertions in its Petition to Cancel, Plaintiff has never abandoned the mark, thereby entitling the Plaintiff to a declaration that her trademark is still in full force and effect and has not been abandoned.

## COUNT II
## TRADEMARK INFRINGEMENT BY DEFENDANT
## UNDER 15 USC §1114

24. Plaintiff hereby realleges Paragraphs 1 through 23 as if fully set forth herein.

25. Beginning in 2016, Defendant began advertising and promoting relaxation mobile applications and has marketed such under the trademark "Take a Deep Breath" which mark is identical to Plaintiff's mark.

26. By its own averments before the Trademark Trial and Appeal Board, Defendant is seeking exclusive control over Plaintiff's mark in order to fully monopolize the rights in and to this mark in the field of "relaxation" (See Paragraph

6 of Exhibit F/Petition to Cancel), and knowingly and willfully adopted and began using Plaintiff's mark in its business.

27. Defendant's knowingly willful advertising, promotion and selling "relaxation" mobile apps under a mark identical to Plaintiff's "Take a Deep Breath" mark has created a likelihood of confusion in the minds of the purchasing public in violation of 15 USC §1114.

28. Plaintiff has been damaged in an amount as yet to be determined.

29. Plaintiff has no adequate remedy at law and, unless Defendant is enjoined from continuing its unauthorized usage of Plaintiff's mark, "Take a Deep Breath" in connection with relaxation products and/or services, it will continue to cause Plaintiff to suffer substantial irreparable harm.

## COUNT III
## UNFAIR COMPETITION – VIOLATION OF 15 USC §1125(a)(1)

30. Plaintiff hereby realleges Paragraphs 1 through 29 as if fully set forth herein.

31. At least since 2016, the Defendant has advertised and promoted its relaxation mobile app under the mark "Take a Deep Breath" and such action constitutes a false and misleading representation of fact as is likely to cause confusion in the minds of the purchasing public in violation of 15 USC §1125(a)(1) by causing the purchasing public to believe that it is the owner of the trademark "Take a Deep Breath" in connection with its "relaxation" services.

32. Plaintiff has been damaged in an amount as yet to be determined.

33. Plaintiff has no adequate remedy at law and, unless Defendant is enjoined from continuing its unauthorized usage of Plaintiff's mark, "Take a Deep Breath" in connection with relaxation products and/or services, it will continue to cause Plaintiff to suffer substantial irreparable harm.

## COUNT IV
## FALSE DESIGNATION OF ORIGIN – VIOLATION OF 15 USC §1125(a)

34. Plaintiff hereby realleges Paragraphs 1 through 33 as if fully set forth herein.

35. By advertising and promoting its services and downloadable apps under the mark "Take a Deep Breath" for promoting its relaxation and stress management products and services while knowing that Plaintiff owns the Federal Registration for that mark, Defendant has wrongfully engaged in a false designation of origin by causing the purchasing public to believe that it is the owner of said mark and has undertaken this act which is likely to cause confusion in the minds of the purchasing public.

36. Defendant's wrongful acts as set forth herein are in violation of 15 USC §1125(a).

37. Plaintiff has been damaged in an amount as yet to be determined.

38. Plaintiff has no adequate remedy at law and, unless Defendant is enjoined from continuing its unauthorized usage of Plaintiff's mark, "Take a Deep Breath" in connection with relaxation products and/or services, it will continue to cause Plaintiff to suffer substantial irreparable harm.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

39. Plaintiff hereby realleges Paragraphs 1 through 38 as if fully set forth herein.

40. Using its economic power, Defendant has undertaken willful and purposeful actions to impose economic hardship on the Plaintiff to subdue her and force her to submit to Defendant's desire to acquire her registration and to compel her to acquiesce to this because of the economic hardship that will be imposed upon her by seeking to protect her valuable trademark rights.

41. This overt activity by Defendant is in violation of the Unfair Competition Laws of the State of Michigan.

42. Plaintiff has been damaged in an amount as yet to be determined.

43. Plaintiff has no adequate remedy at law and, unless Defendant is enjoined from continuing its unauthorized usage of Plaintiff's mark, "Take a Deep Breath" in connection with relaxation products and/or services, it will continue to cause Plaintiff to suffer substantial irreparable harm.

## COUNT VI
## COMMON LAW - UNFAIR COMPETITION
## TRADEMARK BULLYING

44. Plaintiff hereby realleges Paragraphs 1 through 43 as if fully set forth herein.

45. As set forth hereinabove, contrary to the rights of the Plaintiff, Defendant has wrongfully adopted and used at common law the trademark "Take a Deep Breath" in connection with its "relaxation" business. Defendant now asserts and utilizes its economic power and its common law trademark usage in an attempt to force Plaintiff to turn over her rights in and to her registration and the mark "Take a Deep Breath" and as set forth in its Petition to Cancel, it needs the registration to fully monopolize the rights in and to this mark in the field of "relaxation"

46. Such action constitutes trademark bullying in violation of the common law of Michigan.

47. Plaintiff has been damaged in an amount as yet to be determined.

48. Plaintiff has no adequate remedy at law and, unless Defendant is enjoined from continuing its unauthorized usage of Plaintiff's mark, "Take a Deep Breath" in connection with relaxation products and/or services, it will continue to cause Plaintiff to suffer substantial irreparable harm.

49. Plaintiff has no adequate remedy at law and, unless Defendant is enjoined from continuing its usage of Plaintiff's mark, "Take a Deep Breath" in connection with mobile relaxation applications, it will continue to injure and damage the reputation of the mark owned by Plaintiff.

## COUNT VII
## TORTIOUS INTERFERENCE WITH A BUSINESS OPPORTUNITY UNDER MCL §445.903

50. Plaintiff hereby realleges Paragraphs 1 through 48 as if fully set forth herein.

51. In view of Defendant's stated attempt to monopolize the mark "Take a Deep Breath," if successful, such action precludes Plaintiff's ability to enjoy the natural expansion of the goods and/or services associated with her mark. Such action is in direct violation of the laws of the State of Michigan and, in particular, MCL §445.903(1)(a) and (c).

52. Plaintiff has been damaged in an amount as yet to be determined.

53. Plaintiff has no adequate remedy at law and, unless Defendant is enjoined from continuing its unauthorized usage of Plaintiff's mark, "Take a Deep Breath" in connection with relaxation products and/or services, it will continue to cause Plaintiff to suffer substantial irreparable harm.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, BARBARA J. SWAAB, requests that this Honorable Court find and order the following:

A. That Plaintiff has never abandoned her trademark registration for "Take a Deep Breath," U.S. Trademark Registration No. 2,553,590 which mark is valid and subsisting.

B. That Defendant has undertaken a willful and unlawful campaign seeking to divest Plaintiff of her lawful rights in and to her trademark;

C. That Defendant has tortiously interfered with Plaintiff's business;

D. That Plaintiff's mark is valid and subsisting;

E. That Defendant has willfully infringed Plaintiff's trademark rights.

F. That Plaintiff is entitled to an award of damages pursuant to 15 USC §1117.

G. That Defendant's action is willful and that all damages be trebled and Plaintiff be awarded her attorney fees and costs in accordance with the statute;

H. That Defendant be ordered to make a full accounting of all revenues generated since 2016 in connection with the sale of its downloadable relaxation and stress management apps.

I. Defendant be preliminarily and permanently enjoined from using the mark "Take a Deep Breath" or any mark confusingly similar thereto for promoting its relaxation and stress management products and services or any goods related thereto.

J. That this Honorable Court award such further remedies and relief it deems just and proper.

Dated: May 14, 2020

/s/Arnold S. Weintraub
Arnold S. Weintraub (P22127)
The Weintraub Group, P.L.C.
24901 Northwestern Hwy, Ste. 311
Southfield, MI 48075