UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Barbara J. Swaab,

          Plaintiff,      Case No. 20-11199

v.                                Judith E. Levy
                                United States District Judge

Calm.com,
                                Mag. Judge Michael J.
          Defendant.    Hluchaniuk

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO PERMIT USE OF FRE RULE 408 REDACTED EMAILS FOR USE IN HER RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT VI OF PLAINTIFF'S COMPLAINT [19]**

Before the Court is Plaintiff's motion to permit use of emails redacted pursuant to Federal Rule of Evidence 408 (hereinafter, "FRE 408") for use in her response to Defendant's motion to dismiss count VI of Plaintiff's first amended complaint. (ECF No. 19.) Plaintiff's motion to permit use of FRE 408 redacted emails is denied for the reasons set forth below.

On May 14, 2020, Plaintiff filed a complaint in this Court asserting several causes of action, count VI of which was labeled as "common law – unfair competition trademark bullying[.]" (ECF No. 1, PageID.10–11.) Following Defendant's July 17, 2020 motion to dismiss counts VI and VII of the complaint under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 9), the parties entered a stipulated order on August 6, 2020, in which it was agreed Plaintiff would file her first amended complaint with an amended count VI. (ECF No. 14.)

On August 14, 2020, Plaintiff filed her first amended complaint, including count VI again as a claim for "common law – unfair competition trademark bullying[.]" (ECF No. 15, PageID.108–109.) Plaintiff's count VI of the first amended complaint is pleaded as follows:

> 46. Plaintiff hereby realleges Paragraphs 1 through 45 as if fully set forth herein.
>
> 47. As set forth hereinabove, contrary to the rights of the Plaintiff, Defendant has wrongfully adopted and has wrongfully used and is using at common law the trademark "Take a Deep Breath" in connection with its "relaxation" business. Defendant now asserts and utilizes its economic power and its purported common law trademark usage in an attempt to either evict Plaintiff from or force Plaintiff to turn over her rights in and to her registration and the mark "Take a Deep Breath" and as set forth in its Petition to Cancel, to enable it to fully monopolize the rights in and to this mark in the field of "relaxation."

> 48. Such action constitutes trademark bullying in its vexatious practice of harassment and intimidation of Plaintiff and her counsel beyond what the law reasonably permits.
>
> 49. Plaintiff has been damaged in an amount as yet to be determined.
>
> 50. Plaintiff has no adequate remedy at law and, unless Defendant is enjoined from continuing its unauthorized usage of Plaintiff's mark, "Take a Deep Breath" in connection with relaxation products and/or services, it will continue to cause Plaintiff to suffer substantial irreparable harm.
>
> 51. Plaintiff has no adequate remedy at law and, unless Defendant is enjoined from continuing its usage of Plaintiff's mark, "Take a Deep Breath" in connection with mobile relaxation applications, it will continue to injure and damage the reputation of the mark owned by Plaintiff.

(*Id.*) On August 28, 2020, Defendant filed a motion to dismiss count VI of Plaintiff's first amended complaint under Rule 12(b)(6), arguing that Plaintiff again failed to state a claim upon which relief may be granted under this count because Michigan does not recognize any such cause of action. (ECF No. 16, PageID.160–161.)

On September 14, 2020, Plaintiff filed this motion requesting permission to use emails redacted pursuant to FRE 408[1] in her response

---

[1] Federal Rule of Evidence 408 states:

> (a) Prohibited Uses. Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

3

to Defendant's motion to dismiss count VI. (ECF No. 19.) Specifically, Plaintiff alleges that "the cancellation proceeding took on a posture by virtue of certain [FRE 408] e-mails to Plaintiff's counsel and necessitated the present Complaint" and that "[a] redacted version of certain communications between Defendant's prior counsel and the undersigned will establish the basis and the validity of [count VI]." (*Id.* at PageID.179–180.) Plaintiff seeks an in-camera inspection of these emails, indicating that this inspection "will reveal the propriety of using the redacted portions of these communications in order to fully support what has been set forth herein." (*Id.* at PageID.180.) Plaintiff offered no explanation as to why FRE 408 is applicable to these emails. (*Id.*)

---

(1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and

(2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

(b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

On September 28, 2020, Defendant filed a response to Plaintiff's motion, arguing that Plaintiff's "request violates the well-settled prohibition on using materials outside of those included in or attached to the complaint to support a motion to dismiss." (ECF No. 22, PageID.200–201.) Additionally, Defendant contends that Plaintiff failed to articulate how use of the emails would fall into one of the limited exceptions to FRE 408. (*Id.* at PageID.203–204.) Allowing Plaintiff to use these emails as the basis for supporting count VI, according to Defendant, would undermine FRE 408's purpose of promoting the compromise and settlement of disputes and would "discourage parties from engaging in settlement negotiations in the first place." (*Id.* at PageID.204.)

In Plaintiff's reply filed on October 6, 2020, Plaintiff clarifies that the two emails she seeks to present for in-camera inspection include one email sent during the pendency of the cancellation proceeding and one sent in response to Plaintiff's filing of this lawsuit. (ECF No. 23, PageID.208.) She indicates that "[t]here were no compromise negotiations when the second email in question came about." (*Id.* at PageID.209.) Plaintiff further clarifies that she seeks to use the emails for their content "apart and aside from any money issues" apparently to

5

demonstrate the factual basis for the trademark bullying that occurred in this case. (*Id.*) Plaintiff admits that "she did not mention these emails" in her first amended complaint but contends that she was unable to include the emails in her complaint because "[i]t would have been a blatant violation of FRE 408 to incorporate [them] into the Complaint or into the Motion seeking their use absent Court approval." (*Id.* at PageID.208–209.) Additionally, Plaintiff argues that "Count VI . . . does not reside under the Laws of the State of Michigan" but, rather, "is predicated on the Federal Law of Unfair Competition and, certainly, Federal Law represents Unfair Competition." (*Id.* at PageID.209.)

"[I]t is black-letter law that, with a few irrelevant exceptions, a court evaluating a motion for judgment on the pleadings (or a motion to dismiss [under Rule 12(b)(6)]) must focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). "This rule applies just as much when the plaintiff attaches evidence to its opposition as when (as is more common) the defendant attaches evidence to its motion." *Id.*

Plaintiff admits that she "did not mention these emails" in her first amended complaint. (ECF No. 19, PageID.179–180.) Plaintiff's argument

6

in support of this motion solely relies on the contention that inclusion of these emails in her response to Defendant's motion to dismiss will demonstrate the factual basis for the trademark bullying that occurred in this case; Plaintiff does not articulate why these emails fit into one of the exceptions to the prohibition of consideration of evidence external to the pleadings as contemplated in *Bates*. (*Id.*) Additionally, while Plaintiff appears to contend that she was prohibited from including allegations related to these emails in her first amended complaint due to restrictions set forth in FRE 408, Plaintiff fails to articulate why FRE 408 is applicable to these emails in the first instance, let alone why FRE 408 was a barrier to her inclusion of the existence of the emails in her first amended complaint's allegations.

As the Sixth Circuit clearly indicated, Plaintiff "cannot cure [a failure to state a claim] by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint." *Bates*, 958 F.3d at 484 (quoting *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993)). Inclusion of these emails cannot cure any potential defect in Plaintiff's first amended complaint. Accordingly, in-camera review is unnecessary.

7

For the reasons set forth above, the Court DENIES Plaintiff's motion to permit use of FRE 408 redacted emails.

IT IS SO ORDERED.

Dated: January 22, 2021  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 22, 2021.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager